UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08880-SPG | Date | February 3, 2025 |
| Title | Garcia v. AV Home Rescue, LLC | | |

| Present: The Honorable | SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION [ECF NO. 1]**

Plaintiff Francisco Garcia ("Plaintiff") filed this civil action on October 15, 2024, against Defendant AV Home Rescue, LLC ("Defendant"), alleging that Defendant committed a "'bait and switch' scam" by encouraging Plaintiff to "sign[ ] over the titles" of two properties belonging to Plaintiff that were in foreclosure. (ECF No. 1 at 5 ("Complaint")). Plaintiff subsequently filed with this Court a Request for Lis Pendens, (ECF No. 13), pertaining to one of the two properties at-issue in the Complaint. From the Court's review of the Complaint, however, its allegations do not demonstrate this Court has jurisdiction over the action.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, the Court has a duty to examine its own subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

The Complaint asserts that the basis for this Court's jurisdiction is both federal question and diversity of citizenship. (Complaint at 3). Federal courts have federal question jurisdiction in "all *civil actions* arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). The Complaint, however, alleges the following federal criminal statutes set forth in the United States Criminal Code as the basis for federal question jurisdiction over the action: 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1344 (bank fraud), and "18 U.S. Code Chapter 47 – Fraud and False Statements." (Complaint at 3). Plaintiff provides no authority to show that he has a private right of action under these criminal statutes. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that specific criminal provisions in the United States Penal Code "provide no basis for civil liability"); *Megha v. Los Angeles Cty. Recorders Off.*, 2023 WL 5671929, at *4 (C.D. Cal. Sept. 1, 2023) (no private right of action under 18 U.S.C. § 1344); *Khan v. Google, LLC*, 2024 WL 5220884, at *6 (C.D. Cal. Dec. 24, 2024) (no private right of action under 18 U.S.C. § 1341). Nor has Plaintiff shown as a private citizen that he has "standing to bring a criminal charge." *Littlejohn v. Los Angeles Cty. Sup.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08880-SPG | Date | February 3, 2025 |
| Title | Garcia v. AV Home Rescue, LLC | | |

*Ct.*, 2024 WL 4403882, at *1 (Sept. 24, 2024); *Bey v. Saucedo*, 2020 WL 1640000, at *2 (E.D. Cal. Apr. 2, 2020) (finding no standing to bring a criminal action for "an alleged violation of the criminal code" (citation omitted)). Because the Complaint does not establish that Plaintiff can bring an action under any of the federal criminal statutes cited in the Complaint, Plaintiff has not pleaded federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

The Complaint's second basis for subject matter jurisdiction—diversity of citizenship—similarly fails. Federal courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and, as is relevant here, is between citizens of different states. 28 U.S.C. § 1332. When a party to the suit is a corporation, instead of a natural person, the corporation is considered a citizen in both the state of its incorporation or its principal place of business for the purposes of jurisdiction. 28 U.S.C. § 1332(c)(1).

The Complaint alleges Plaintiff is a citizen of California. (Complaint at 3). It further alleges that Defendant is a corporation incorporated under the laws of California. (*Id.* at 4). The Complaint therefore alleges that both Plaintiff and Defendant are citizens of California, and thus does not plead a basis for diversity jurisdiction.

For the foregoing reasons, the Complaint does not demonstrate this Court has subject matter jurisdiction over this action. The Court hereby ORDERS Plaintiff within fourteen (14) calendar days of this Order to Show Cause ("Order") why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff may respond to the Order by either (1) filing a written brief that does not exceed five (5) pages that set forth facts demonstrating this Court has subject matter jurisdiction over the action, or (2) filing a voluntary notice of dismissal of this action due to lack of subject matter jurisdiction. Failure to respond within the fourteen (14) calendar days will be deemed consent to the Court's dismissal of the action without prejudice to the action being filed in state court properly alleging state claims.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   pg